Filed 11/8/23  P. v. Patterson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AYODELE PATTERSON,<br><br>    Defendant and Appellant. | A167784<br><br>(Alameda County Super. Ct. No. H56262A) |

**MEMORANDUM OPINION[1]**

After a jury trial in 2016, appellant Ayodele Patterson was found guilty of the first-degree murder of 80-year-old Carolyn June Pavon during a home invasion robbery in June 2010.  Patterson was 17 years old at the time of the crime.  He was sentenced to life without the possibility of parole (LWOP) in November 2018.  We subsequently affirmed Patterson's convictions on appeal.  (*People v. Patterson* (Sept. 8, 2020, A156047) [nonpub. opn.].)

On January 31, 2023, Patterson filed a pro per motion in the trial court requesting a "Franklin hearing"—i.e., a proceeding where youthful offenders can make a record to preserve evidence for an eventual parole hearing.

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.  All statutory references are to the Penal Code.

(*People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*); *People v. Delgado* (2022) 78 Cal.App.5th 95, 98–99, fn.1.) Patterson submitted a declaration that he was born in August 1992,[2] and that he had never been afforded the opportunity to place youth-related sentencing factors on the record, either at his November 2018 sentencing hearing or thereafter. On March 2, 2023, the trial court denied the request, reasoning that *Franklin* proceedings are not available to defendants like Patterson, whose sentences foreclose the possibility of parole. Patterson timely appealed.

As the Attorney General concedes, the trial court was mistaken. The Supreme Court held in *Franklin*, *supra*, 63 Cal.4th 261, that the 16-year-old offender—who was sentenced to an indeterminate sentence of 50 years to life—was entitled under newly enacted sections 3051 and 4081 to a parole hearing during his 25th year in prison. (*Franklin*, at p. 276.) Under the circumstances, the Supreme Court remanded the matter, holding that if Franklin had not previously been given the "opportunity to make a record of information relevant to his eventual youth offender parole hearing," he should be allowed to "place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant" to such a hearing. (*Franklin,* at p. 284.) The proper procedure for requesting a *Franklin* proceeding after a judgment of conviction is final is to file a motion in the superior court under the same caption and case number, citing the authority of section 1203.1 and *In re Cook* (2019) 7 Cal.5th 439 (*Cook*). (See *People v. Howard* (2021) 74 Cal.App.5th 141, 150 (*Howard*).)

Pursuant to section 3051: "A person who was convicted of a controlling offense that was *committed before the person had attained 18 years of age and*

---

[2] Since the murder occurred in June 2010, Patterson was 17 at the time of the crime.

*for which the sentence is life without the possibility of parole shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration.* The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 25th year of incarceration." (§ 3051, subd. (b)(4), italics added.) Thus, Patterson's *Franklin* motion was legally sufficient under the plain language of the statute.[3]

In remanding the case, we note that "[a] legally sufficient *Franklin* motion does not automatically guarantee a defendant the right to [place additional information in the record. Rather, such a motion only initiates the process for a *Franklin* proceeding. Based solely on the motion, the trial court may immediately find a *Franklin* proceeding is warranted. However, the trial court may also ' "exercise its discretion to conduct this process efficiently, ensuring that the information introduced is relevant, noncumulative, and otherwise in accord with the governing rules, statutes, and regulations." [Citation.] The court may, for example, require an offer of proof regarding the evidence the offender seeks to present, so that it can determine whether such evidence is relevant to youth-related factors and meaningfully adds to the already available record. It may also determine whether testimony is "appropriate" [citation], or if other types of evidentiary

---

[3] Patterson's reference in his *Franklin* hearing request to *People v. Hardin* (2022) 84 Cal.App.5th 273, review granted Jan. 11, 2023, S277487 is not relevant. *Hardin* involved whether an offender between the ages of 18 and 25 sentenced to LWOP should also be entitled to a youth offender parole hearing on equal protection grounds. (*Hardin*, at pp. 277–278.) The Second District in *Hardin* answered this questions in the affirmative. (*Id.* at pp. 284–291.) In *People v. Jackson* (2021) 61 Cal.App.5th 189, 199–200, the Fourth District reached the opposite result. Neither case impacts this appeal as Patterson was 17 at the time of his offense.

submissions will suffice.' [Citation.]  After allowing a defendant an opportunity of this nature, the court may deny further proceedings if it finds they are unlikely 'to produce fruitful evidence.' " (*Howard*, 74 Cal.App.5th at p. 152, italics omitted.)  Finally, during the *Franklin* hearing, the prosecution may also "put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Cook*, *supra*, 7 Cal.5th at pp. 458–459.)

## DISPOSITION

The juvenile court's order denying Patterson's request for a *Franklin* hearing is reversed and the matter is remanded for further proceedings consistent with this opinion.

GETTY, J.*

WE CONCUR:


MARGULIES, ACTING P.J.


BANKE, J.


A167784


---

* Judge of the Solano County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.